IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al., <br><br> *Defendants*. | Case No. 3:23-cv-01103-MPS <br><br> Judge Michael P. Shea <br><br> Magistrate Judge Robert M. Spector |

### ALLIANCE FOR AGING RESEARCH'S
### MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF

The Alliance for Aging Research (the "Alliance") respectfully requests leave to file a brief as *amicus curiae* and that its proposed brief be filed. Counsel for the Alliance conferred with representatives for Plaintiff and Defendants. Plaintiff consents to the Motion, and Defendants take no position on it.

The Alliance seeks to participate as *amicus curiae* here to advance its interest in achieving healthy aging and equitable access to care.

"[D]istrict courts have broad inherent authority to permit or deny an appearance as amicus curiae in a case." *Kistler v. Stanley Black & Decker, Inc.*, No. 22-cv-966, 2023 WL 1827734 (D. Conn. Jan. 25, 2023) (alteration in original) (quoting *Ross v. Mellekas*, No. 20-cv-319, 2020 WL 8680019, at *1 (D. Conn. Aug. 5, 2020)). When considering a motion to appear as *amicus curiae*, district courts "look[] to Rule 29 of the Federal Rules of Appellate Procedure for guidance." *Id.* (first citing *Schaghticoke Tribal Nation v. Norton*, No. 06-cv-81, 2007 WL 9719292, at *1 (D. Conn. Aug. 2, 2007); and then citing *Lehman XS Tr., Series 2006–GP2 v. Greenpoint Mortg. Funding, Inc.*, Nos. Civ 12-7935, 12-7942, 12-7943, 2014 WL 265784, at *2 (S.D.N.Y. Jan. 23,

2014)).  As this Court has recognized, "it is preferable to err on the side of granting leave . . . ." *Id.* at *2 (quoting *Neonatology Assocs., P.A. v. C.I.R.*, 293 F.3d 128, 133 (3d Cir. 2002)).

Amicus briefs should normally be allowed when (1) "a party is not represented[,]" (2) "when the amicus has an interest in some other case that may be affected by the decision in the present case[,]" or (3) "when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Kistler*, 2023 WL 1827734, at *2 (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997)).  This criteria favors permitting leave to file.

First, the Alliance has a special interest in the policy issues implicated by this case.  For many years, the Alliance has been an active participant in policy discussions related to drug pricing and has consistently supported policies it believes will improve patient affordability and ensure access to care.  It supports proposals to help moderate the growth of drug prices, and it has steadfastly opposed programs that would allow unelected government workers to make value judgments on critically important therapies.

Second, the Alliance's proposed brief provides a critical perspective on how the issues presented concerning drug pricing will impact several groups of individuals.  Contrary to the views expressed by some other advocacy organizations, the Alliance believes that the Inflation Reduction Act's Drug Price Negotiation Program ("the Program") threatens access to life-sustaining therapies in both the Part B and Part D programs and will result in discrimination against older adults, people with disabilities, and historically underserved populations.  The Alliance and those for whom it speaks therefore have a deep interest in the outcome of this matter.

Third, the Alliance's proposed brief provides useful and timely information.  As noted above, the Alliance's brief supplies a critical perspective on how the program will adversely affect

older adults, people with disabilities, and historically underserved populations. Additionally, as argument for June 20, 2024, granting the Alliance's request to participate as amicus would not delay the disposition of this case, nor would it otherwise disrupt the course of these proceedings.

As to the fourth factor, the Alliance is not partial to a particular outcome in the case.

## CONCLUSION

For these reasons, the Alliance respectfully requests that the Court grant its Motion for Leave to File an *Amicus Curiae* Brief.

Dated: May 29, 2024                                   Respectfully submitted,

 /s/ Katherine Penberthy Padgett
Katherine Penberthy Padgett, Fed. Bar No. ct28032
Kelly M. Cleary, *pro hac vice motion forthcoming*
Craig B. Bleifer, *pro hac vice motion forthcoming*
Caroline L. Wolverton, *pro hac vice motion forthcoming*
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street, N.W.
Washington, D.C. 20006
Fax: (202) 887-4288
Email: kpadgett@akingump.com
          kcleary@akingump.com
          cbleifer@akingump.com
          cwolverton@akingump.com

*Attorneys for Amicus Curiae
The Alliance for Aging Research*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| BOEHRINGER INGELHEIM PHARMACEUTICALS, INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.,<br><br>*Defendants*. | Case No. 3:23-cv-01103-MPS<br><br>Judge Michael P. Shea<br><br>Magistrate Judge Robert M. Spector |

**[PROPOSED] ORDER**

This matter is before the Court on the Alliance for Aging Research's (the "Alliance") Motion to File Amicus Curiae Brief. Upon consideration of the Motion and finding it supported by good cause, it is hereby

**ORDERED**, that the Alliance's Moton is **GRANTED**; and it is further

**ORDERED** that the proposed amicus brief is deemed **FILED**.


Dated: _____, 2024       _____
                                   HONORABLE MICHAEL P. SHEA
                                   United States District Judge